DLD-017                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3597
_____

IN RE: ARNOLD REEVES,

                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-13-cv-01795)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 24, 2013
Before: SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: November 04, 2013)
_____

OPINION
_____

PER CURIAM

      Arnold Reeves, proceeding pro se and in forma pauperis, petitions for a writ of mandamus compelling the United States District Court for the District of New Jersey to rule on his 28 U.S.C. § 2241 petition.

      Reeves pleaded guilty in 1996 in the United States District Court for the Southern District of New York to drug charges in violation of 21 U.S.C. §§ 812, 814(a)(1), and 841(b)(1)(A). Reeves was sentenced to 240 months of imprisonment, to be followed by 10 years of supervised release. Reeves appealed, and in July 2002 the United States

1

Court of Appeals for the Second Circuit affirmed the judgment and conviction. See United States v. Reeves, 296 F.3d 113, 117 (2d Cir. 2002).

In October 2002, Reeves unsuccessfully sought relief pursuant to a motion filed under 28 U.S.C. § 2255 in the Southern District of New York. See United States v. Reeves, No. 02-CV-9309, 2005 WL 3288012 (S.D.N.Y. Dec. 2, 2005). Reeves filed two other unsuccessful challenges to his conviction and sentence in the Southern District of New York. See Reeves v. United States, No. 96-CR-325, 2008 WL 4921764 (S.D.N.Y. Oct. 3, 2008); Reeves v. United States, No. 96-CR-325, 2010 WL 3791967 (S.D.N.Y. Sept. 23, 2010). In December 2009, Reeves filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. The District Court dismissed the petition for lack of jurisdiction, and on appeal we summarily affirmed the District Court's order. See Reeves v. United States, 417 F. App'x 113, 114 (3d Cir. 2011).

On March 21, 2013, Reeves filed a second petition for a writ of habeas corpus under § 2241 in the District of New Jersey. On May 9, 2013, Reeves filed a supplement to his § 2241 petition. There has been no further activity on the District Court's docket.

Mandamus is a drastic remedy available in extraordinary circumstances only. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Meyers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). Generally, a court's management of its docket is discretionary. In re Fine Paper Antitrust

Litig., 685 F.2d 810, 817 (3d Cir. 2005). Due to the discretionary nature of docket management, there is no "clear and indisputable" right to have the District Court handle a case in a certain manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). However, mandamus may be warranted when a District Court's delay "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

Reeves first filed his § 2241 petition in March 2013, and filed a supplement to the petition in May 2013. No action has been taken in the District Court since that time. Although the current period of inactivity is not insignificant and raises some concern, we do not believe that the delay warrants our intervention at this time. See id. (holding that an approximately eight-month delay did not warrant relief). We are confident that the District Court will address the § 2241 petition without undue delay. For the foregoing reasons, we will deny the petition for a writ of mandamus. This denial is without prejudice to the filing of a new petition for a writ of mandamus if the District Court does not act within ninety days of the date of this judgment.

DLD-017

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3597
_____

IN RE: ARNOLD REEVES,
            Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-13-cv-01795)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 24, 2013
Before: SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges
_____

**JUDGMENT**
_____

  This cause came to be considered on a petition for writ of mandamus submitted on October 24, 2013. On consideration whereof, it is now hereby

  ORDERED and ADJUDGED by this Court that the petition for writ of mandamus be, and the same is, denied. All of the above in accordance with the opinion of the Court.

        ATTEST:

        /s/Marcia M. Waldron
        Clerk

DATED: November 4, 2013

**A True Copy**

Marcia M. Waldron, Clerk
Certified order issued in lieu of mandate.