NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ARNOLD REEVES,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>　　　　　　Respondent. | Civil No. 13-1795 (JBS)<br><br>**OPINION** |

**APPEARANCES:**

Arnold Reeves, Pro Se
38595-054
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, Chief Judge**

　　Arnold Reeves ("Petitioner"), an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (Docket Item 1), and a supplemental "exhibit" to the petition (Docket Item 3). For the following reasons, this Court will dismiss the petition.

**BACKGROUND**

Under 18 U.S.C. § 3624(c)(1), as amended by the Second Chance Act of 2007, Pub. L. No. 110-199, April 9, 2008 ("the Second Chance Act"), "The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community corrections facility."

According to the petition, Petitioner received a 240-month sentence after conviction in the United States District Court, Southern District of New York for "various drug offenses." His projected release date is February of 2015. (Petition, Docket Item 1, p. 1). Petitioner argued that he should be immediately considered for a Residential Re-Entry Center ("RRC") placement recommendation. At the time he filed his petition, Petitioner was told that he would be considered 17 to 19 months prior to his release date. (Pet., p. 1).

In his supplemental exhibit filed over a month after the original petition, Petitioner stated that the Unit Team *had* considered him for RRC placement and awarded him a six-month placement (Docket Item 3, p. 1). In this exhibit, Petitioner asks

2

for immediate release, arguing that the award of six-months was an abuse of discretion and that his medical problems warrant his immediate release. (*Id.* at pp. 1-2).[1]

Petitioner states that he completed the administrative remedy process concerning his claims (Docket Item 3, p. 4).

## DISCUSSION

**A.   Jurisdiction**

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485–486 (3d Cir. 2001). This Court has subject matter jurisdiction under § 2241 to consider the instant petition because Petitioner was incarcerated in New Jersey when he

---

[1] Petitioner also argues that his sentence should be reduced due to participation in the Residential Drug Abuse Treatment Program ("RDAP") and that he should be awarded one year off his sentence, plus six months RRC placement (Docket Item 3, p. 4). However, at the time he filed his petition and supplement, Petitioner was on a wait list for RDAP, and/or was unable to participate in RDAP because of a disciplinary charge (*Id.*). As Petitioner did not complete the RDAP program at the time he filed the petition, his argument is premature and will not be considered by this Court.

filed the petition, and he challenges the denial of early release on federal grounds. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-44 (3d Cir. 2005); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990). Moreover, if the Bureau of Prisons ("BOP") incorrectly determined his eligibility for early release, this error carries a potential for a miscarriage of justice that can be corrected through habeas corpus. *See Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Barden*, 921 F.2d at 479.

**B.   Standard of Review**

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 through Rule 1(b).

Habeas Rule 4 requires a judge to *sua sponte* dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable to § 2241 through Rule 1(b). Thus, "[f]ederal courts are authorized to dismiss summarily any habeas

4

petition that appears legally insufficient on its face." *McFarland,* 512 U.S. at 856.

Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989); *see also McFarland*, 512 U.S. at 856; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief"); *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005).

**C.    The Petition Must Be Dismissed.**

It is well-established that the Second Chance Act does not guarantee a one-year RRC placement, but only directs the Bureau of Prisons to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence. *See Wilson v. Strada*, 474 F. App'x 46, 48-49 (3d Cir. Apr. 9, 2012); *see also Travers v. Federal Bureau of Prisons*, 2009 WL 4508585 (D.N.J. Nov. 30, 2009) (Hillman, J.) (finding that "... nothing in the Second Chance Act entitles Petitioner to a halfway house placement longer than the 120–150 days already approved. These pre-release placement decisions are committed, by statute, to the discretion of the Director of the Bureau of Prisons . . . .").

It is clear that Petitioner does not have a liberty interest in a vested right to reduction of his sentence by means of his placement in a RRC; the decision is statutorily reserved to be subject to the BOP's discretion. *Cf. Magnin v. Beeler*, 110 F. Supp.2d 338, 340 n.2 (D.N.J. 2000). The statutory or ensuing regulatory enactments merely created an entitlement protected by the Due Process Clause, *i.e.*, these provisions merely protect Petitioner's expectation to be evaluated for such placement. *Cf. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (addressing the right to parole consideration); *see also Board of Pardons v. Allen*, 482 U.S. 369 (1987); *Prevard v. Fauver*, 47 F. Supp.2d 539, 545 (D.N.J.), *aff'd*, 202 F.3d 254 (3d Cir. 1999). Correspondingly, Petitioner has no vested right in either being evaluated for RRC placement on a certain date or in being placed in a RRC on a certain date. Rather, he has a right to be evaluated, generally, and to be placed in a RRC if the BOP concludes, upon due evaluation, that Petitioner shall be so placed.

In this case, Petitioner was considered for RRC placement, and pleads that he received an RRC placement of six months by his Unit Team at FCI Fort Dix. Petitioner states in his exhibit that he has "employment set up upon release" and "[a] place to stay." (Docket Item 3, p. 2). Although Petitioner argues that "[Bureau of Prisons'] staff 'cannot' say that an inmate whatever the circumstance, is

automatically ineligible for transfer to RRC as staff at BOP has told me," (Docket Item 3, p. 3), he admits that he received a six-month RRC placement; thus, he was not considered "ineligible."

As to Petitioner's request for release on medical grounds, this Court finds that Petitioner had an opportunity to present his medical issues to the Unit Team prior to his consideration for RRC placement; as such, any medical claims would have been considered in the Unit Team's recommendation.  Further, this Court notes that 18 U.S.C. § 3582(c)(1)(A)(i) provides that upon motion of the BOP Director with the sentencing court and a showing of "extraordinary and compelling reasons", a federal prisoner may be granted a reduction of sentence. Were the BOP to file a motion with the sentencing court for such a reduction, the result would not necessarily impact the duration of Petitioner's confinement. Thus, this Court lacks subject matter jurisdiction under § 2241 to review or reverse a decision by the BOP to refuse to file a motion. *See Richmond v. Ebbert*, 2014 WL 279741 at *2 (M.D. Pa. Jan. 23, 2014)(citing *Quaco v. Ebbert*, 2012 WL 1598136 *2 (M.D. Pa. May 7, 2012) and *Morales v. United States*, 353 F. Supp.2d 204, 205 (D. Mass. 2005)(denying Section 2241 petition for compassionate release on jurisdictional grounds)).

Additionally, a district court lacks the authority to review or reverse a decision by the BOP concerning compassionate release. *See id.; Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011)

("the BOP's decision whether or not to file a motion for compassionate release is judicially unreviewable.").[2]

Petitioner has presented no reason to upset the findings of the BOP. Although Petitioner disagreed with the BOP's decision, it is clear from the pleadings and supplements that Petitioner was statutorily considered for RRC placement and received such a placement, and thus no constitutional violation occurred.

## CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is hereby dismissed.

An appropriate Order accompanies this Opinion.

    **s/ Jerome B. Simandle**
JEROME B. SIMANDLE, Chief Judge
United States District Court

Dated: **February 21, 2014**

---

[2] If Petitioner believes that his constitutional rights are being violated in that he is not receiving adequate medical care for his ailments, his remedy is not founded in a § 2241 habeas petition, but rather in a civil action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971). Petitioner is of course free, after exhausting available administrative remedies, to file a civil complaint making such a claim. This Court cannot address these concerns in the present § 2241 petition.